# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **JASON SINGLETON**, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Civil Action Number |
| v. | ) | **5:22-cv-00215-AKK** |
| | ) | |
| **VIVINT, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

This matter comes before the court on Vivint Inc.'s and Vivint Servicing LLC's motion to dismiss, doc. 6. The Vivint defendants—whom the court will collectively call "Vivint"—maintain that the court must dismiss Jason Singleton's Fair Debt Collection Practices Act claim because he fails to sufficiently allege that Vivint falls within the statute's definition of "debt collector." *Id.* at 2. For the reasons that follow, the court agrees and will grant the motion. Singleton's recourse, if any, for the pleaded conduct rests in a breach of contract action rather than under the FDCPA.

## I.

Under the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.

R. CIV. P. 8(a)(2). Although the plaintiff need not supply "detailed factual allegations," the complaint must do more than levy "unadorned" accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" do not suffice. *Id.*; *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012).

If a complaint fails to plead a claim on which relief can be granted, the court must dismiss it. FED. R. CIV. P. 12(b)(6). Therefore, to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain facts, taken as true, that state a facially plausible claim. *Iqbal*, 556 U.S. at 678; *Resnick*, 693 F.3d at 1325. A facially plausible claim alleges facts that permit the court to reasonably infer the defendant is liable for the alleged conduct. *Iqbal*, 555 U.S. at 678.

## II.

Vivint provides "residential alarm installation and monitoring services." Doc. 1 at 2. In January 2020, Singleton contracted with Vivint for alarm monitoring services for a monthly fee of $51.47. *Id. See also id.* at 4 (the contract).[1] The contract provided that it would automatically renew each month and that either party

---

[1] Singleton attaches his contract, several email exchanges with Vivint, and what seem to be images of Vivint bills or payments to his complaint. *See* doc. 1 at 4–13. The court describes and considers the contents of these attachments as relevant to Vivint's motion. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls.").

could terminate it "upon at least thirty (30) days' prior written notice to the other party." *Id.* at 4. Upon notice of a cancellation, the contract would terminate on the last day of the notice period. *Id.*

In June 2021, Singleton called Vivint and spoke with a customer service representative to "terminate the service contract at the end of the billing cycle, as provided by the contract." *Id.* at 2. The representative purportedly told Singleton that he "was contractually obligated to maintain service into 2023." *Id.* According to Singleton, "[t]his statement is a complete fabrication, and in contravention of the written contract." *Id.*

Meanwhile, Vivint continued to automatically deduct payments from Singleton's bank account. *Id.* On August 10, Singleton emailed Vivint that he was "cancel[ling] [his] monitoring at the end of the current 30 day billing cycle, as per [the] month to month contract" and that "Vivint [was] no longer authorized" to access his bank account. *Id.* at 7. Vivint subsequently sent Singleton what appears to be an automated message stating that it "[had] received [Singleton's] cancellation request, submitted 08/11/21" and "[would] review [Singleton's] account and begin the cancellation process." *Id.* at 8.

Vivint nevertheless continued to withdraw payments, leading Singleton to cancel the automatic deductions with his bank. *Id.* at 2. Vivint then mailed Singleton a bill for "three months monitoring, up to and including through December 27,

3

2021." *Id. See also id.* at 10 (the bill, which lists the billing period as November 28, 2021, to December 27, 2021). Singleton filed this lawsuit thereafter, alleging that the Vivint defendants "are debt collectors under the FDCPA" and that "[a]ttempting to collect a debt that is not owed" violates the law. *Id.* at 2.

### III.

Vivint moves to dismiss the single-count complaint under Rule 12(b)(6), relying essentially on the argument that Vivint does not meet the FDCPA's definition of a "debt collector." *See* doc. 6 at 2, 4. In response, Singleton claims that he adequately pleads that Vivint "collect[s] the 'debts of another,'" and that the question of which Vivint entity actually collects bills from its customers "is best reserved for summary adjudication" because Vivint "operate[s] a sophisticated corporate hierarchy." *Id.* at 2–3. Singleton also argues that the automatic debits from his bank account "plausibly provide grounds to find [the Vivint] [d]efendants are 'debt collectors.'" *Id.* at 3.

### A.

"Disruptive dinnertime calls, downright deceit, and more besides drew Congress's eye to the debt collection industry" and prompted the enactment of the FDCPA, a statute designed "to deter wayward collection practices." *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1720 (2017). Here, Singleton claims that Vivint violated the statute's provision against debt-related consumer

4

harassment, doc. 1 at 3,[2] under which "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," 15 U.S.C. § 1692(d).  The question before this court, then, is whether Vivint constitutes a "debt collector" under the FDCPA.

The FDCPA does not require Singleton to plead facts supporting this allegation "with particularity." *See Iyamu v. Clarfield, Okon, Salomone, & Pincus, P.L.*, 950 F. Supp. 2d 1271, 1275 (S.D. Fla. 2013).  Still, "[t]o state an FDCPA claim, [Singleton] must plausibly allege sufficient factual content to enable the court to draw a reasonable inference that [Vivint] meets the FDCPA's definition of 'debt collector' and is thus subject to the Act." *See Kurtzman v. Nationstar Mortg. LLC*, 709 F. App'x 655, 658–59 (11th Cir. 2017); *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1313 (11th Cir. 2015).  The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts

---

[2] Although Singleton only cites the FDCPA provision addressing harassment and abuse, he also claims briefly that "[Vivint] reported the non payment of the 'non debt' to credit worthiness reporting agencies, thus lowering [his] credit rating." Doc. 1 at 3.  The FDCPA likewise requires Vivint to be a "debt collector" to be liable for this alleged misconduct.  *See generally* 15 U.S.C. §§ 1692c, 1692e, 1692f (all proscribing conduct by "debt collectors").

owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).[3] "So a party can qualify as a 'debt collector' either by using an 'instrumentality of interstate commerce or the mails' in operating a business that has the principal purpose of collecting debts or by 'regularly' attempting to collect debts."[4] *Reese v. Ellis, Painter, Ratteree & Adams, LLP*, 678 F.3d 1211, 1218 (11th Cir. 2012).

Thus, a debt collector collects debts owed to others as part of its business, or at least on a regular basis. And when "[t]he complaint is silent regarding whether the principal purpose of [the defendant's] business is collecting debts, and it only generally asserts that [the defendant] 'regularly attempts to collect debts not owed to [it],'" the complaint amounts to "a conclusory, formulaic recitation of the [FDCPA's] language" and is due to be dismissed. *Kurtzman*, 709 F. App'x at 659. Put simply, Singleton's allegations do not lead to the reasonable inference that Vivint serves to collect or regularly collects debts on behalf of others. The pleadings illustrate only that Vivint charges fees in exchange for its own services and that

---

[3] The statute also provides that "[f]or the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6). This explains why Singleton also argues that Vivint's automatic debits constitute "the enforcement of security interests." *See* doc. 9 at 3. However, this definition extends only to § 1692f(6), which applies to the "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property" under certain conditions. *See* 15 U.S.C. § 1692f(6). As the court discusses later, *see infra* § III.B, Singleton does not allege any of the conditions outlined in § 1692(f) in his complaint. *See generally* doc. 1.

[4] Classic examples include "repo" men or women, *i.e.*, individuals "hired by a creditor to collect an outstanding debt," *Henson*, 137 S. Ct. at 1720, and attorneys who regularly litigate on behalf of creditor-clients to collect their debts, *see Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

customers pay Vivint through automatic deductions or bills. Indeed, Singleton says only that he contracted with Vivint, an alarm installation and monitoring company, for monitoring services, and that Vivint collected or attempted to collect fees for those services despite Singleton's cancellation of the contract. *See* doc. 1 at 2, 4, 7. These allegations do not suggest that Vivint ever collects debts for other individuals or entities. Therefore, even if Vivint continued to bill Singleton after he terminated his contract, the complaint fails to plausibly allege Vivint's status as a debt collector under the FDCPA. *See Kurtzman*, 709 F. App'x at 659.

B.

Singleton also claims that Vivint is a debt collector because it enforced security interests against him when it deducted payments from his checking account, and the term "debt collector" covers security-interest enforcers under the FDCPA. Doc. 9 at 3. *See also* 15 U.S.C. § 1692a(6). However, Singleton does not plead facts demonstrating that Vivint is a security-interest enforcer. Further, even assuming that Vivint's conduct places it within the security-interest enforcement business—quite an inferential leap—Vivint would not fall within the scope of the FDCPA's general protections against offensive debt collection.

The FDCPA provides a primary definition of "debt collector" in the sixth paragraph of § 1692a. However, its final sentence reads: "For the purpose of section 1692f(6) of this title, such term also includes" security-interest enforcers. *See* 15

7

U.S.C. § 1692a(6).  Interpreting this language, the Supreme Court held that the prohibitions contained in § 1692f(6) cover security-interest enforcers, while the other debt collector provisions of the law do not.  *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1037–38 (2019).  In other words, the debt collector-related prohibitions of the FDCPA, with the exception of § 1692f(6), do not apply to those who "are engaged in no more than security-interest enforcement" because they do not constitute debt collectors.  *Id.* at 1037.  And § 1692f(6), in turn, applies only to the "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property" in certain enumerated circumstances.  *See* 15 U.S.C. § 1692f(6).

These facts doom Singleton's argument.  Singleton acknowledges that Vivint "provide[s] residential alarm and monitoring services," and he pleads that Vivint billed him for these services in 2020 and 2021.  Doc. 1 at 2–3.  Singleton does not plead that Vivint "uses any instrumentality of interstate commerce or the mails in any business *the principal purpose of which is the enforcement of security interests*."  15 U.S.C. § 1692a(6) (emphasis added).  And Singleton does not claim a violation of § 1692f(6), the provision that applies to this secondary definition of debt collector.  *See* 15 U.S.C. §§ 1692a(6), 1692f(6).  So, even if Singleton had properly alleged that Vivint principally engaged in security-interest enforcement, he has not alleged

8

a violation of the provision that would make his claim viable. Vivint's motion is due to be granted on this ground as well.

## IV.

Many of us have experienced the nuisance of attempting to cancel or dispute a bill in an irksome customer service exchange. And to be sure, if Singleton's allegations are true, he may have claims against Vivint that sound in state contract law, for instance. However, because he fails to sufficiently plead that Vivint constitutes a "debt collector," his FDCPA claim necessarily fails. Amending the complaint to add that "upon 'information and belief' . . . [the] [d]efendants are 'debt collectors,'" as Singleton proffers, doc. 9 at 3, would do nothing to affect this outcome. Thus, the court will grant the motion to dismiss, doc. 6, in an accompanying order.

**DONE** the 12th day of May, 2022.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE